IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| *IN RE SYNGENTA AG MIR 162 CORN LITIGATION*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al.*<br>No. 2:16-cv-02788-JWL-JPO | No: 2:16-cv-02788-JWL |

## **ORDER**

The parties have reached an impasse on the search terms that Louis Dreyfus Company Grains Merchandising LLC ("LDC") will run to identify documents responsive to certain document requests contained in Syngenta's First Set of Requests for Production of Documents.[1] Syngenta has filed a motion asking the court to compel LDC to "review and produce all responsive, non-privileged documents that hit on Syngenta's proposed search terms" (ECF No. 75). LDC responds that the proposed search terms are overbroad. Because LDC has offered no support for its overbreadth argument, the motion to compel is granted.

---

[1] LDC does not object to the document requests themselves, only to the search parameters suggested by Syngenta for identifying documents responsive to those requests. *See* ECF No. 75 at 7 n.9.

1

LDC objects to Syngenta's proposed search terms on the basis that running them results in the identification of more than 525,000 documents. LDC argues this result indicates the terms are "overbroad" because Syngenta has only produced 330,000 documents.² LDC states it already has produced more than 90,000 documents,³ and if it must produce hundreds of thousands more after reviewing the 525,000 additional documents, there would be a "demonstrable lack of mutuality" when compared to the number of documents Syngenta produced.⁴

LDC might be right in predicting LDC would end up producing more documents than Syngenta (of course, this outcome is unclear, as the number of documents identified by the search terms will certainly not correspond to the number of documents produced

---

² Most of these documents were produced in the MDL litigation, with an additional 268 LDC-specific documents produced in this individual case.

³ The declaration of Victoria Parker offered in support of LDC's response states, "LDC has produced to Syngenta 86,740 documents in the present litigation. Additionally, LDC had previously produced 6,114 documents in the coordinated [MDL] action." ECF No. 79-1 at 2. In a subsequently filed motion, LDC stated that it planned to produce an additional 23,000 documents on August 3, 2018. ECF No. 84 at 2.

⁴ ECF No. 79 at 2. LDC also briefly states that Syngenta's proposed search terms "would lead to an unduly burdensome number of documents," *id.*, but LDC does not develop this argument, nor support it with an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request. Thus, to the extent LDC objects on this ground, the objection is overruled. *See Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004)) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof).

after a privilege and relevance review), but such an outcome does not establish that the proposed search terms are overbroad. The number of hits returned when running Syngenta's proposed search terms says nothing about the effectiveness of the terms themselves in identifying relevant and responsive documents. The number alone does not provide information about any false positive results. LDC has not, for example, reviewed a sample of the results to determine the percentage of documents returned that are not relevant or responsive to the corresponding request for production of documents.[5] The court has reviewed Syngenta's proposed search terms and does not find them overbroad on their face. Given the complex issues, LDC's resources, and the amount of controversy at issue in this action,[6] the court does not conclude on the record presented that the discovery Syngenta seeks is disproportional to the needs of the case.[7]

IT IS THEREFORE ORDERED that Syngenta's motion to compel is granted. LDC is directed to run Syngenta's proposed search terms for the document requests that remain

---

[5] LDC gives an example in which a proposed search term returned 115,000 documents and states this search "would *doubtless* return *numerous* irrelevant and unresponsive documents," ECF No. 79 at 4 (emphasis added), but LDC does not indicate it actually reviewed the documents for relevance and responsiveness. Thus, LDC's argument is based on speculation.

[6] LDC does not dispute it is seeking tens of millions of dollars from Syngenta.

[7] *See* Fed. R. Evid. 26(b)(1) (defining the permissible scope of discovery).

in dispute and to produce all responsive, non-privileged documents **by September 6, 2018**.[8]

Dated August 16, 2018, at Kansas City, Kansas.

                                               s/ James P. O'Hara
                                               James P. O'Hara
                                               U.S. Magistrate Judge

---

[8] The court's August 7, 2018 order set this deadline. ECF No. 89 ("ORDER granting motion for extension of the document-production deadline until three weeks after the court's ruling on Syngenta's pending motion to compel.").