IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| *IN RE SYNGENTA AG MIR 162 CORN LITIGATION, MDL 2591*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al.* | Case No. 16-2788-JWL |

## <u>ORDER</u>

By informal letter briefs dated September 24, 2018, the parties have asked the court to resolve a dispute concerning the format of electronic discovery to be produced by Louis Dreyfus Company Grains Merchandising LLC ("LDC"). Specifically, LDC seeks to meet the current document-production deadlines by producing electronic discovery in native format, rather than in TIFF image format as required by the ESI Protocol Order.[1] LDC states its TIFF productions would "follow expeditiously, on a rolling basis." LDC's request is denied.

On August 16, 2018, the court ordered LDC to complete its document production by September 6, 2018.[2] On August 31, 2018, LDC sought an extension, asserting that technical complications and infrastructure limitations made it impossible to meet the

---

[1] ECF No. 327 on the MDL docket, 14-md-2591.

[2] ECF No. 91 at 4.

1

deadline.[3]  There was no mention in LDC's motion or supporting briefs of any difficulty LDC would have producing the documents in TIFF format.  The court granted LDC's request and ordered LDC to produce "as many documents as possible (which should be most)" by September 28, 2018; and to produce the remainder of the documents by October 12, 2018.[4]  The court set these deadlines so as to "not impact the parties' ability to conduct and complete fact depositions by the current December 14, 2018 deadline."[5]

On September 5 and 11, 2018, LDC produced a large number of documents in native format.  LDC states that it did so in order to get the documents to Syngenta as expeditiously as possible, asserting that converting documents to TIFF adds "substantial time to production."[6]  Syngenta complained to LDC about the production format on September 11, 2018.  Syngenta accurately noted that production of documents in native format—with only the first page of a document numbered, rather than page-by-page bates numbering— creates confusion when a party wishes to reference a particular page of a document during depositions, in court filings, and at trial.[7]  Moreover, the ESI Protocol Order requires

---

[3] ECF Nos. 95, 98.

[4] ECF No. 99 at 2.

[5] *Id.*

[6] LDC states the conversion adds about "14 days for previously produced documents," but does not identify the amount of time added if its vendor converts the files to TIFF format during the first go-around.

[7] *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018), Cmt. 12.b.ii ("Disadvantages to native production may include technological challenges such as the ability or inability to redact ESI effectively in its native format, and issues

2

producing parties to convert ESI from native format to an image file (e.g. TIFF) for production.[8]

In its September 24, 2018 letter brief, LDC asks the court, for the first time, to relieve it from the production requirements of the ESI Protocol Order. The ESI Protocol Order contains a provision that if "a Producing Party identifies a particular source or type of responsive Data for which it reasonably believes that application of this Protocol would be unduly burdensome or impractical, the party identifying the source or type of responsive Data shall *promptly* notify the Requesting Party."[9] If the parties then cannot reach agreement on a modification of the production requirements, the order provides that the producing party "bears the burden of seeking relief from the Court."[10]

LDC's instant request for relief argues that the exception to the ESI production protocol applies because LDC "has been required to produce a huge number of documents under extreme time pressure." LDC recognizes that Syngenta would be prejudiced in depositions because documents produced in native format do not contain a bates stamp on every page, but characterizes this prejudice as a "minor inconvenience." LDC states it "is

_____

regarding the application of page-level Bates numbering as opposed to document-level Bates or control numbers that can be assigned and maintained for ESI produced in native format.").

[8] ECF No. 327 at C.1, Case No. 14-md-2591.

[9] *Id.* at C.6.a (emphasis added).

[10] *Id.*

3

converting these files to TIFF format, but Syngenta is unreasonably insisting that all documents be in TIFF before the deadline."

LDC's arguments are unpersuasive. First, there is no dispute that documents in TIFF format are easier to work with and enable depositions and court proceedings to run more smoothly. As recognized by the Sedona Conference,[11] they allow a party to refer to particular portions of a document—perhaps in designating confidentiality or directing a witness to particular language—by page number.

Second, the ESI Protocol Order requires a party seeking to deviate from the image/TIFF-format production to "promptly" notify the requesting party as soon as it identifies a source of data to which the protocol should not apply (because it would be unduly burdensome or impractical). Here, LDC did not notify Syngenta or the court before producing documents in native format. LDC made no mention of its perceived formatting-production issue in its previous briefs addressing Syngenta's proposed search terms[12] or seeking extensions of the production deadlines.[13]

Third, LDC has offered no evidence to support its "burdensome" and "impracticality" arguments. To the contrary, LDC informed Syngenta on September 14, 2018, that converting the native files in its previous document productions would take

---

[11] *See supra* note 7.

[12] *See* ECF No. 79.

[13] ECF Nos. 84, 95, 98.

approximately two weeks. Thus, the first TIFF production should occur by the September 28, 2018 deadline for the majority of LDC's documents. As for documents yet to be produced, LDC does not state how long producing them in the first instance in TIFF format (as opposed to native format with a subsequent conversion) might take its vendor. Accordingly, the court is not convinced that it is impossible for LDC to meet the October 12, 2018 deadline for final production.

Finally, the court is determined to keep this case moving forward. Although the court deemed it necessary to extend the written-discovery deadline, it has continuously declined suggestions to extend the December 14, 2018 fact-deposition deadline (knowing that so doing would inevitably result in the extension of all remaining deadlines).[14] Production of LDC's documents in TIFF format by the October 12, 2018 deadline helps ensure depositions efficiently go forward as scheduled. As noted in the court's September 12, 2018 order, the court will only extend deadlines upon a showing of good cause.[15] Good cause has not been established by LDC under the current record.

For all of these reasons, the court denies LDC's request that it be permitted to complete its document production in native format only by the October 12, 2018 deadline.

IT IS SO ORDERED.

Dated September 25, 2018, at Kansas City, Kansas.

---

[14] *See* ECF Nos. 89, 99.

[15] ECF No. 99 at 2 n2.

O:\ORDERS\16-2788-JWL-Sept.25.18.docx

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

6