IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

*IN RE SYNGENTA AG MIR 162 CORN LITIGATION, MDL 2591*

THIS DOCUMENT RELATES TO:

*Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al.*

Case No. 16-2788-JWL

# ORDER

Louis Dreyfus Company Grains Merchandising LLC ("LDC") has filed a motion for leave to file under seal Exhibits 1, 4, and 5 to Syngenta's memorandum in support of its motion to join necessary parties, as well as any reference to those exhibits in the memorandum itself (ECF No. 133). Because LDC has not met the heavy burden of demonstrating its interests overcome the public's right of access to judicial records, the motion is denied.

There is well-settled precedent in the Tenth Circuit and the District of Kansas setting the standards applicable to a party's request to seal court documents. "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records."[1] This right derives from

---

[1] *Eugene S. v. Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1135 (10th Cir. 2011); *accord Hatfield v. Price Mgmt. Co.*, No. 04-2563-JWL, 2005 WL 375665, at *1 (D. Kan. Feb. 16, 2005). *See also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)

1

the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[2] "The overriding concern [is] with preserving the integrity of the law enforcement and judicial processes."[3] To overcome the presumption in favor of open records, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[4] This burden is a "heavy" one.[5] "That a party's request to seal 'is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal.'"[6]

---

(recognizing, "Courts have long recognized a common-law right of access to judicial records," and citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)); *United States v. Apperson*, 642 F. App'x 892, 898 (10th Cir. 2016) ("Courts have long recognized a common-law right of access to judicial records.").

[2]*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *accord Booth v. Davis*, Nos. 10-4010-KHV, 10-4011-KHV, 10-4124-KHV, 10-41-4125-KHV, 2016 WL 1170949, at * 1 (D. Kan. March 23, 2016); *Ramirez v. Bravo's Holding Co.*, No. 94-2396, 1996 WL 507238, at *1 (D. Kan. Aug. 22, 1996).

[3]*Apperson*, 642 F. App'x at 899 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)); *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754-55 (10th Cir. 2009) (same).

[4]*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *accord Booth*, 2016 WL 1170949, at *1.

[5]*Helm*, 656 F.3d at 1292–93.

[6]*Stormont-Vail Healthcare, Inc. v. Biomedix Vascular Sols., Inc.*, No. 11-4093, 2012 WL 884926, at *1 (D. Kan. March 14, 2012) (citing *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616, No. 09-2616, 2010 WL 2653643 at *1 (D. Kan. June 29, 2010)).

Exhibit 1: Corporate Structure Chart.  LDC first seeks to seal a chart showing its corporate structure.  LDC argues, "Exhibit 1 provides extensive detail regarding the structure and organization of the Louis Dreyfus Group as a whole, information that is not publicly available and that is not limited to entities at issue in the present litigation."  Syngenta takes no position on sealing this document, but notes much of the information contained therein was publicly filed in another federal case (*see* ECF No. 135-2).  LDC has failed to demonstrate a "real and substantial interest" in sealing this document, particularly given that much of the information therein is publicly available.  Even as to information therein that is not publicly available, LDC has stated no interest in keeping the information sealed.

Exhibit 4: LDC's Initial Disclosures.  LDC next seeks to seal its initial disclosures, particularly its damage computations therein.  LDC states, "it provides detailed information regarding LDC's shipments to China and how those shipments were impacted by Syngenta's misconduct.  Public release of this financial information would put LDC at competitive disadvantage, as companies in the export business carefully guard information regarding their business activities."

This is not the first time the parties have sought to seal LDC's initial disclosures.  On July 31, 2018, the court denied without prejudice an identical request because the parties did not address the standards for filling court records under seal (*see* ECF Nos. 80-

3

O:\ORDERS\16-2788-JWL-133.docx

81). Rather than file a new motion for leave to file under seal, Syngenta publicly filed a redacted version of the document (ECF No. 82-5).

In response to the instant motion to seal, Syngenta has filed e-mail correspondence from LDC counsel to Syngenta counsel, dated August 3, 2018, stating, "LDC is willing to de-designate its initial disclosures. You do not need to treat them as confidential going forward." (ECF No. 135-1). LDC's de-designation of confidentiality weighs in favor of denying leave to seal the document. But even without the de-designation, the court would deny leave to seal because LDC has not explained how public release of information about its actions in 2012 and 2013 would put it at a competitive disadvantage today.

Exhibit 5: Deposition of Robert Eckert. Finally, LDC seeks to seal a transcript of the deposition of Robert Eckert, a corporate representative of LDC designated to provide testimony on topics related to LDC's damages. LDC asserts, simply, "Mr. Eckert testified regarding how LDC and its affiliates earn money, and how it was damaged by Syngenta's misconduct. For the same reasons, public disclosure of this information would put LDC at a significant competitive disadvantage." Again, LDC's broad, undetailed, and unsupported statement of interest does not satisfy LDC's burden of overcoming the public's right of access to court documents.

LDC has not articulated any facts upon which the court could conclude that its interest in keeping the named exhibits confidential overcomes the public's right of access to the judicial record. LDC's request to seal the documents is therefore denied. Syngenta

4

is directed to publicly file its memorandum in support of its motion to join necessary parties and all exhibits thereto.

IT IS SO ORDERED.

Dated November 19, 2018, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge
