IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| *IN RE SYNGENTA AG MIR 162 CORN LITIGATION,*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al.*<br>No. 16-2788-JWL | MDL No. 2591<br><br>Case No. 16-2788-JWL |

# ORDER

In this individual case within this MDL, Syngenta[1] has filed a motion to join as plaintiffs five corporate entities affiliated with the current plaintiff, Louis Dreyfus Company Grains Merchandising LLC ("LDC") (ECF No. 128). Syngenta asserts the affiliated entities are necessary parties under Fed. R. Civ. P. 19(a) because they are seeking to recover the same damages, based on the same alleged facts, in a Minnesota state court lawsuit as LDC is in this lawsuit, thereby placing Syngenta at significant risk of multiple or inconsistent obligations for its actions. As discussed below, the motion is taken under advisement, and the parties are ordered to further develop the record on the specific damages claimed in each case.

---

[1] The defendants herein referred to as "Syngenta" are Syngenta AG; Syngenta Crop Protection AG; Syngenta Corporation; Syngenta Crop Protection, LLC; and Syngenta Seeds, LLC.

1

On October 10, 2018, the five entities affiliated with LDC ("the LDC entities") filed their Minnesota state court suit. The LDC entities are: Louis Dreyfus Company LLC, Louis Dreyfus Company Port Allen Elevator LLC; Louis Dreyfus Company River Elevators LLC; Louis Dreyfus Company Washington LLC; and Louis Dreyfus Company Seattle Export Elevator LLC. As noted above, Syngenta brought the instant motion to join the LDC entities as necessary parties in this suit because, according to Syngenta, the same damages are sought in both suits, thereby placing Syngenta at significant risk of multiple or inconsistent obligations for the same underlying actions. LDC opposes the motion, attacking it as based on a faulty premise. LDC asserts the LDC entities "are separate, independent entities seeking separate, independent damages" in Minnesota.[2]

"Compulsory joinder is an exception to the common practice of allowing the plaintiff to decide who should be parties to a lawsuit."[3] Courts may alter a plaintiff's choice of parties only when "significant countervailing considerations make joinder of absentee parties necessary."[4] Under Rule 19(a), a person is a necessary party if, inter alia, the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations

---

[2] ECF No. 142 at 5.

[3] *Champagne v. City of Kansas City, Kan.*, 157 F.R.D. 66, 67 (D. Kan. 1994) (citing *Bank of Keystone v. Wagensen*, 152 F.R.D. 644, 646 (D. Wyo. 1994)).

[4] *Id.* (citing *Wagensen*, 152 F.R.D. at 646, and Fed. R. Civ. P. 19).

2

because of the interest."[5] If the person is a necessary party, the court must join the person as a party if doing so will not deprive the court of subject-matter jurisdiction.[6]

In asserting LDC is seeking damages in this case that are also claimed by the LDC entities in the Minnesota case, Syngenta points to LDC's initial disclosures,[7] interrogatory responses, and the deposition testimony of LDC's corporate representative, Robert Eckert,[8] which all suggest LDC is seeking to recover losses incurred by its "affiliates." LDC responds that, to the contrary, the First Amended Complaint makes clear that LDC is only seeking damages herein for losses "suffered by LDC directly and/or by virtue of an assignment of claims from [LDC Asia]."[9] To clarify what damages it is seeking here, LDC served amended initial disclosures and supplemental interrogatory answers.[10] As to Mr. Eckert's testimony, LDC asserts that his deposition is not yet complete, and it will redirect and clarify his testimony when the deposition resumes.

Syngenta is not convinced. Syngenta argues in its reply brief that there is so much overlap between LDC and the LDC entities that even LDC has trouble keeping track of which party is seeking which differing aspect of the alleged damages. Syngenta notes that

---

[5] Fed. R. Civ. P. 19(a)(1)(B)(2). Syngenta does not argue the LDC entities are necessary parties under the other prongs of Rule 19(a).

[6] Fed. R. Civ. P. 19(a)(1).

[7] ECF No. 138-2.

[8] ECF No. 138-3.

[9] ECF No. 142 at 5 (quoting ECF No. 5).

[10] *See* ECF No. 143.

3
O:\ORDERS\16-2788-JWL-128.docx

all of the alleged losses to LDC and its affiliated entities arise from the same rejected LDC corn shipments to China. Thus, Syngenta argues, there is a risk of overlapping recoveries, and a single court should sort out "who paid what."[11] Syngenta asserts LDC has litigated its affiliates' claims herein, leading Syngenta to conduct discovery based on those assertions, and it is unfair to leave Syngenta to "guess what damages LDC is now diverting to Minnesota and what it is leaving here."[12]

The court is sympathetic to Syngenta's plight, but is not certain Syngenta has satisfied the requirements for compulsory joinder of the LDC entities. Frankly, this is a close call. The court seeks a more developed record before making a final decision on the motion.

IT IS THEREFORE ORDERED that the parties shall confer and craft a stipulation that sets forth in explicit detail the nature, extent, and amount of damages claimed by each plaintiff in each case. The parties must file this stipulation in both this case and in the Minnesota state case by **December 10, 2018.** After reviewing the stipulation, the court will reconsider Syngenta's motion to join the LDC entities.

IT IS SO ORDERED.

Dated November 30, 2018, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                             James P. O'Hara

---

[11] ECF No. 148 at 7.

[12] *Id.*

U.S. Magistrate Judge