IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

*IN RE SYNGENTA AG MIR 162 CORN LITIGATION,*

THIS DOCUMENT RELATES TO:

*Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al.*
No. 16-2788-JWL

MDL No. 2591

Case No. 16-2788-JWL

## ORDER

In this individual case within this MDL, Syngenta[1] has filed a motion to join as plaintiffs five corporate entities affiliated with the current plaintiff, Louis Dreyfus Company Grains Merchandising LLC ("LDC Grains Merch") (ECF No. 128). Syngenta asserts the affiliated entities are necessary parties under Fed. R. Civ. P. 19(a) because they are seeking to recover the same damages, based on the same alleged facts, in a Minnesota state court lawsuit as LDC Grains Merch is in this lawsuit, thereby placing Syngenta at significant risk of multiple or inconsistent obligations for its actions. Because LDC Grains Merch has entered a binding stipulation that it is *not* seeking to recover in this case the damages claimed by the affiliated entities in the Minnesota suit, the court holds Syngenta

---

[1] The defendants herein referred to as "Syngenta" are Syngenta AG; Syngenta Crop Protection AG; Syngenta Corporation; Syngenta Crop Protection, LLC; and Syngenta Seeds, LLC.

1

has not met its burden of proving a substantial risk of multiple or inconsistent obligations. The motion for compulsory joinder is therefore denied.

On October 10, 2018, the five entities affiliated with LDC Grains Merch ("the affiliated LDC entities") filed their Minnesota state court suit. The affiliated LDC entities are: Louis Dreyfus Company LLC; Louis Dreyfus Company Port Allen Elevator LLC; Louis Dreyfus Company River Elevators LLC; Louis Dreyfus Company Washington LLC; and Louis Dreyfus Company Seattle Export Elevator LLC. As noted above, Syngenta brought the instant motion to join these entities as necessary parties in this suit because, according to Syngenta, the same damages are sought in both suits, thereby placing Syngenta at significant risk of multiple or inconsistent obligations for the same underlying actions. LDC Grains Merch opposes the motion, attacking it as based on a faulty premise. LDC Grains Merch asserts the affiliated LDC entities "are separate, independent entities seeking separate, independent damages" in Minnesota.[2]

"Compulsory joinder is an exception to the common practice of allowing the plaintiff to decide who should be parties to a lawsuit."[3] Courts may alter a plaintiff's choice of parties only when "significant countervailing considerations make joinder of absentee parties necessary."[4] Under Rule 19(a), a person is a necessary party if, among other things,

---

[2] ECF No. 142 at 5.

[3] *Champagne v. City of Kansas City, Kan.*, 157 F.R.D. 66, 67 (D. Kan. 1994) (citing *Bank of Keystone v. Wagensen*, 152 F.R.D. 644, 646 (D. Wyo. 1994)).

[4] *Id.* (citing *Wagensen*, 152 F.R.D. at 646, and Fed. R. Civ. P. 19).

the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[5] If the person is a necessary party, the court must join the person as a party if doing so will not deprive the court of subject-matter jurisdiction.[6]

In asserting that LDC Grains Merch is seeking the same damages in this case as the affiliated LDC entities in the Minnesota case, Syngenta pointed to LDC Grains Merch's initial disclosures,[7] interrogatory responses, and the deposition testimony of LDC Grains Merch's corporate representative, Robert Eckert,[8] which all suggest LDC Grains Merch is seeking to recover losses incurred by its "affiliates." LDC Grains Merch responded that, to the contrary, the First Amended Complaint makes clear that LDC Grains Merch is only seeking damages herein for losses "suffered by LDC [Grains Merch] directly and/or by virtue of an assignment of claims from [LDC Asia]."[9] To clarify what damages it is seeking here, LDC served amended initial disclosures and supplemental interrogatory answers.[10] As to Mr. Eckert's testimony, LDC Grains Merch asserted that his deposition is not yet

---

[5] Fed. R. Civ. P. 19(a)(1)(B)(2). Syngenta does not argue the affiliated LDC entities are necessary parties under the other prongs of Rule 19(a).

[6] Fed. R. Civ. P. 19(a)(1).

[7] ECF No. 138-2.

[8] ECF No. 138-3.

[9] ECF No. 142 at 5 (quoting ECF No. 5).

[10] *See* ECF No. 143.

complete, and that it will redirect and clarify his testimony when the deposition resumes. Not convinced, Syngenta argued in reply that the court and parties should not be left to guess which LDC entity is seeking which differing aspect of alleged damages arising from China's rejection of LDC Grains Merch's corn shipments. Syngenta argued that a single court should sort out "who paid what."[11]

To make a more informed decision on whether LDC Grains Merch is seeking to recover the same damages herein as the affiliated LDC entities in Minnesota, such that Syngenta is at significant risk of multiple or inconsistent obligations in the two lawsuits, the court took the motion for joinder under advisement and directed the parties to craft a stipulation setting forth the damages claimed by each plaintiff in each case.[12] LDC Grains Merch, each affiliated LDC entity, and Syngenta have reached such a stipulation, which they filed on December 18, 2018.[13]

In the stipulation, LDC Grains Merch set forth the specific nature and estimated amount of the "rejection damages" it seeks "due to the rejection of shipments, cancellation of contracts for corn, and delays in the export or delivery of corn allegedly due to the

---

[11] ECF No. 148 at 7.

[12] ECF No. 153. In partially granting a motion for extension of time to file the stipulation, the court directed that "the stipulation should include LDC's best estimates, reached in good faith, of the approximate amounts of damages" claimed by each plaintiff. ECF No. 162 at 2.

[13] ECF No. 163 ("Stipulation Regarding the Nature of Damages Sought by the Louis Dreyfus Entities").

presence of MIR162," as well as the specific nature and estimated amount of "market damages" (including lost profits and decreased margins on operations) it seeks "due to the closure of the Chinese market for United States corn."[14] Similarly, the affiliated LDC entities set forth the specific nature and estimated amount of each of their "market damages" (including lost profits and decreased margins on operations) claimed in Minnesota state court. The affiliated LDC entities expressly disclaim seeking "rejection damages." Significantly, LDC Grains Merch affirmatively states it does not "seek[] to recover damages incurred by the five LDC State court Plaintiffs in the Federal Litigation."[15] More specifically, LDC Grains Merch repudiates Mr. Eckert's testimony that LDC Grains Merch is herein seeking damages associated with the operation of elevators by the affiliated LDC entities,[16] and that LDC Grains Merch's profits and margins are offset by payments it made to the affiliated LDC entities.[17] It is unfortunate that Mr. Eckert gave such inaccurate testimony (which likely contributed to the filing of the instant motion),[18] but LDC Grains Merch will now be bound by its subsequent stipulation that "the

---

[14] *Id.* at 3-4.

[15] *Id.* at 5.

[16] *Id.* at 14.

[17] *Id.* at 15.

[18] As noted above, LDC Grains Merch has represented that it "intends to correct this testimony when given an opportunity to do so during [Mr. Eckert's] upcoming second day of deposition." *Id.* at 14.

5

damages it seeks are distinct from those sought by the LDC State Court Plaintiffs in the State Court Litigation."[19]

Given the stipulations by both LDC Grains Merch and each of the affiliated LDC entities about what damages they are seeking, the court finds Syngenta's argument that "they are bringing claims seeking overlapping damages"[20] has been refuted. The record—as clarified—reflects that LDC Grains Merch is not seeking to recover for alleged harm Syngenta caused the affiliated LDC entities (e.g., lost fees that would have been earned from operating grain elevators). Although Syngenta has submitted detailed information about the structural and operational interrelationships between and among LDC Grains Merch and the various affiliated LDC entities that are plaintiffs in the Minnesota case,[21] the court is unpersuaded that LDC Grains Merch and the affiliated LDC entities are so intertwined that they are asserting substantially similar claims or that Syngenta's obligations to each must overlap.[22] Thus, Syngenta has not met its burden of proving it would be subject to a substantial risk of incurring multiple or inconsistent obligations if the

---

[19] *Id.* at 15. *See Koch v. U.S. Dep't of Interior*, 47 F.3d 1015, 1018 (10th Cir. 1995) ("[This court will honor stipulations regarding factual issues."); *Energy Consumption Auditing Servs., LLC v. Brightergy, LLC,* 49 F. Supp. 3d 890, 895 (D. Kan. 2014) ("A party is generally bound by stipulations which it has voluntarily entered.").

[20] ECF No. 138 at 2.

[21] ECF No. 163 at 11-13.

[22] Unlike in *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006), a case upon which Syngenta relies, the claims asserted by the plaintiff (i.e., LDC Grains Merch) are not "premised, in substantial part," on the claims an absent entity (i.e., an affiliated LDC entity) might have for harm the defendant (i.e., Syngenta) caused the absent entity.

6

affiliated LDC entities are not joined in this action.  The court recognizes that joining the affiliated LDC entities in this action likely would be more cost efficient for Syngenta, but efficiency for a defendant is not a sufficient justification to disturb a plaintiff's choice of parties where the record indicates damages in the two suits, if awarded, will be distinct.  As this court recognized in *Champagne*, "multiple suits based on the same incident do[] not require a court to join unnamed parties."[23]

IT IS THEREFORE ORDERED that because Syngenta has not satisfied the requirements for compulsory joinder of the affiliated LDC entities, its motion is denied.

Dated December 20, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[23] *Champagne*, 157 F.R.D. at 67.